1    **WO**
2
3
4
5
6              **IN THE UNITED STATES DISTRICT COURT**
7                  **FOR THE DISTRICT OF ARIZONA**
8
9    Laura S. Wilson,                    No. CV-21-01136-PHX-JZB
10                  Plaintiff,            **ORDER**
11   v.
12   Social Security Administration,
13                  Defendant.
14
15
16         Before the Court is Defendant's Motion to Dismiss Plaintiff's petition for review
17   (doc. 38) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 53.) The Motion is fully
18   briefed. (Docs. 58 (Response), 61 (Reply).) In 2019, Plaintiff was involuntarily discharged
19   from federal service. Plaintiff appealed her removal from the Social Security
20   Administration through grievance arbitration. In June 2020, an arbitrator denied her
21   grievance. Plaintiff then filed an appeal in the United States Court of Appeals for the
22   Federal Circuit. Because Plaintiff chose to keep a discrimination claim in her case, the
23   appropriate forum for review was the district court. Plaintiff agreed to have her case
24   transferred to this Court. But this Court does not have jurisdiction to hear her case because
25   Plaintiff failed to exhaust her claims by first appealing the arbitrator's decision to the Merit
26   Systems Protection Board.
27         Accordingly, the Court will grant Defendant's Motion and dismiss Plaintiff's
28   Petition without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

1    **I.      Background.**

2              The following facts are undisputed. Plaintiff was employed by Defendant until

3    2019, when Defendant discharged her from federal service for misusing official time and

4    lack of candor. (*See* Doc. 53-2 at 35–37.) Plaintiff filed a grievance challenging her

5    discharge, alleging, *inter alia*, she was discriminated on the basis of her alcoholism.[1] (*See*

6    *id.* at 13–17.) Unable to resolve the grievance, Plaintiff, through her union representative,

7    took the matter to arbitration. On June 4, 2020, the arbitrator issued a 44-page written

8    decision denying the grievance. (Doc. 53-2.)

9              On July 27, 2020, Plaintiff commenced this action by filing a petition for review of

10   the arbitrator's decision in the United States Court of Appeals for the Federal Circuit.[2]

11   (Doc. 38.) On March 23, 2021, the Federal Circuit dismissed the petition because Plaintiff

12   did not file the required Statement Concerning Discrimination ("SCD"). (Doc. 36-20.) On

13   April 9, 2021, Petitioner moved to reopen the case and filed an SCD stating she had not

14   argued any discrimination claim "[b]efore the [Merit Systems Protection Board ("MSPB")]

15   or the Arbitrator." (Docs. 36-23, 36-24.) On April 28, 2021, the Federal Circuit reopened

16   the case, but noted:

17                     Contrary to Ms. Wilson's submitted [SCD], it appears that her
                      representative may have raised a discrimination claim before
18                    the arbitrator. Moreover, Ms. Wilson's other submissions
                      before this court indicate that she wishes to continue to pursue
19                    that claim on appeal. In her informal opening brief, Ms. Wilson
                      argues that the arbitrator "did not give . . . any consideration
20                    of" her disability.

21   (Doc. 36-25 at 2, quoting Doc. 36-5 at 2.) The Court further noted, "In cases involving

22   discrimination claims, the appropriate forum for review is the district court." (Doc. 36-25

23   at 2.) Rather than immediately dismissing or transferring the case, the Federal Circuit gave

24   Plaintiff the option to proceed with just her non-discrimination claims:

25                     If Ms. Wilson wishes instead to obtain judicial review in this

26

27   ―――――――――――
     [1] Alcoholism is a "protected disability" under the Americans with Disabilities Act. *Brown*
     *v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir. 2001).
28   [2] Some of the filings from the Federal Circuit referenced in this Order do not bear the filing
     date on the document itself. The filing dates for such documents are based on what is
     reflected in the Federal Circuit docket in the record at Doc. 36-32.

> court, she can expressly abandon her discrimination claim by submitting both a revised [SCD] indicating that such a claim was raised before the arbitrator and that she wishes to abandon the discrimination claim as well as a revised opening brief in which she no longer pursues such a claim.

(*Id.*) It ordered the parties "to show cause . . . [for] why the petition for review should not be transferred and which court would be most appropriate." (*Id.* at 3.)

On May 17, 2021, Plaintiff filed an amended SCD, stating:

> Although I did claim that I was discriminated against before the MPSB or the Arbitrator, I wish to abandon those discrimination claims and only pursue civil-service claims in the Federal Circuit rather than pursuing discrimination claims and civil-service claims in district court. I understand that this means I will not be able to raise the discrimination claims at any later point.

(Doc. 36-28 at 3.) However, on May 24, 2021, Plaintiff reversed course and filed a motion to change her position and a third SCD, stating "I have done some research and have decided that I do not want to abandon my claims of discrimination. I wish to pursue claims of discrimination in this matter." (Doc. 36-31 at 1; *see* Doc. 36-29.) Accordingly, the Federal Circuit transferred the case to this Court on June 30, 2021. (Doc. 36.)

## II. Defendant's Motion to Dismiss.

On August 30, 2021, Defendant filed the pending Motion to Dismiss. (Doc. 53.) Therein, Defendant argues that the "action should be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiff has not appealed the arbitrator's decision to the MSPB or [Equal Employment Opportunity Commission ("EEOC")], which is a jurisdictional prerequisite to commencing a civil action for judicial review under the Civil Service Reform Act." (*Id.* at 5.) Alternatively, Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (*Id.* at 12–15.)

In response, Plaintiff argues that she is "unable" to appeal to the MSPB because "the Union[] elected to invoke arbitration" and that "filing with EEOC is not necessary because any and all arguments made about [her] disabling condition were presented [during the grievance and arbitration processes]." (Doc. 58 at 1–2.)

1    In reply, Defendant argues that "no statute authorizes direct judicial review of an

2    arbitrator's decision in a mixed case" and that, "in a mixed case, an employee who elects

3    to pursue his or her grievance through a negotiation grievance procedure must take the

4    arbitrator's decision to the MSPB as a jurisdictional prerequisite to seeking judicial

5    review." (Doc. 61 at 1–2.) Defendant concludes that because Plaintiff did not do so, "her

6    mixed case should be dismissed under Fed. R. Civ. P. 12(b)(1)." (*Id.* at 2.)

7    **III.   Legal Standard.**

8    "[F]ederal courts are courts of limited jurisdiction" and "may not exercise

9    jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743,

10   1746 (2019). A party asserting that jurisdiction exists bears the burden of establishing it.

11   *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). A defendant may move to dismiss for lack

12   of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). If the Court determines

13   it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

14   **IV.   Analysis.**

15   The Court finds that Plaintiff has not exhausted her administrative remedies by

16   appealing the arbitrator's decision to the MSPB, and therefore the Court does not have

17   jurisdiction over the matter. "In 1978, Congress enacted the Federal Labor-Management

18   Relations Act, 5 U.S.C. §§ 7101–35. This Act governs the methods and manner by which

19   a federal employee with exclusive union representation may challenge an adverse

20   personnel decision by the government agency that employs him." *Vinieratos v. U.S. Dep't*

21   *of the Air Force Through Aldridge*, 939 F.2d 762, 768 (9th Cir. 1991). A federal employee

22   who is aggrieved by a discriminatory personnel action may pursue a claim under the

23   negotiated grievance procedure (*e.g.* arbitration) or the statutory complaint procedure, but

24   not both. *See* 5 U.S.C. § 7121(d).[3]

25   "[A]n employee who elects to file a grievance under a negotiated procedure which

26   permits the grievance of discrimination claims must exhaust his or her administrative

27

28

---

[3] *See also Heimrich v. Dep't of the Army*, 947 F.3d 574, 575 (9th Cir. 2020) ("[U]nionized federal employees seeking to bring discrimination claims may raise the matter through either (1) their union's negotiated procedure, or (2) their agency's Equal Employment Opportunity (EEO) office, 'but not both.'") (quoting 5 U.S.C. § 7121(d)).

remedies through that procedure." *Macy v. Dalton*, 853 F. Supp. 350, 355 (E.D. Cal. 1994) (citing 5 U.S.C. § 7121(d), 29 C.F.R. § 16.13.219(b)). "In a 'mixed case,' *i.e.* one involving both discrimination and nondiscrimination-based claims, . . . 'an employee who chooses the negotiated grievance procedure *must* take the arbitrator's decision to the MSPB before seeking judicial review.'" *Macy*, 853 F. Supp. at 353 (emphasis added) (quoting *Am. Fed'n of Gov't Emps., Loc. 2052 v. Reno*, 992 F.2d 331, 336 (D.C. Cir. 1993)). "The law requires an aggrieved federal employee to elect one exclusive administrative remedy and to exhaust whatever remedy he chooses. When a federal employee obstructs the smooth functioning of a properly elected administrative process and abandons that process to pursue a remedy elsewhere, he fails to exhaust his chosen remedy and thereby forecloses judicial review." *Vinieratos*, 939 F.2d at 772.

Here, Plaintiff, through her union representative, elected to pursue her mixed case through the negotiated grievance procedure. It is uncontested that Plaintiff did not appeal the arbitrator's decision to the MSPB. Plaintiff argues that (1) she is "unable" to appeal to the MSPB because her union representative "elected to invoke arbitration" and (2) appeal to the EEOC is "not necessary because any and all arguments made about [her] disabling condition" were presented during the grievance phase and arbitration. (Doc. 58 at 1–2.) Plaintiff is incorrect.

Contrary to her assertion, Plaintiff was not foreclosed from appealing to the MSPB after invoking arbitration:

> Selection of the negotiated procedure *in no manner prejudices the right of an aggrieved employee to request the Merit Systems Protection board to review the final decision* pursuant to section 7702 of this title in the case of any personnel action that could have been appealed to the Board[.]

*See* 5 U.S.C. § 7121(d) (emphasis added). Appealing to the MSPB is also a necessary precursor to obtaining a district court's review in Plaintiff's "mixed" case; because Plaintiff did not do so, she has not exhausted her administrative remedies, and therefore the Court does not have jurisdiction over the case. *See Macy*, 853 F.Supp. at 353; *Reno*, 992 F.2d at 336; *cf. Meyer v. Brennan*, 2020 WL 4904228, at *3 (D. Ariz. Aug. 20, 2020) (granting

summary judgment in favor of agency because the plaintiff "was required to complete the union process, and appeal to the EEOC, before filing suit" and had not done so).[4]

Accordingly, because Plaintiff has failed to exhaust administrative remedies, and thus deprived this Court of jurisdiction to hear her petition for review, the Court will grant Defendant's Motion to Dismiss.

**IT IS ORDERED**:

1.      Defendant's Motion to Dismiss (doc. 53) is **granted**.

2.      Plaintiff's petition for review (doc. 38) is **dismissed without prejudice** for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

3.      The Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 6th day of December, 2021.

Honorable John Z. Boyle
United States Magistrate Judge

---

[4] Defendant states it would not object to Plaintiff being given an opportunity to abandon her discrimination claims and have the case transferred back to the Federal Circuit. (Doc. 61 at 2 n.2.) But Plaintiff has affirmed, before the Federal Circuit, her unambiguous intention to pursue, rather than abandon, her discrimination claims. (*See* Doc. 36-3 at 1 ("I have done some research and have decided that I do not want to abandon my claims of discrimination. I wish to pursue claims of discrimination in this matter.").) Therefore, on this record, the Court does not find cause under 28 U.S.C. § 1631 to transfer the case back to the Federal Circuit. Referring the matter to the MSPB is also not warranted. *See Kerr v. Jewell*, 836 F.3d 1048, 1059 (9th Cir. 2016) (affirming dismissal of whistleblower claim for lack of jurisdiction based on a failure to present the claim to the MSPB and noting the court "acted reasonably by declining to remand a matter to an agency that had not issued a decision").